UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CLIFFORD ALAN DILBERT,

        Plaintiff,

   v.

R. FISHER,

        Defendant.

Case No.: 1:22-cv-00247-SKO (PC)

**ORDER DENYING MOTION TO CONTINUE *IN FORMA PAUPERIS* STATUS** (Doc. 13)

**ORDER DENYING MOTION TO TRANSFER CREDIT/FILING FEE** (Docs. 15, 16)

Plaintiff Clifford Alan Dilbert has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2.) According to the certified account statement submitted by the California Department of Corrections and Rehabilitation, Plaintiff had $1,128.62 in his inmate trust account as of September 1, 2021. (Doc. 11.) As of March 1, 2022, Plaintiff had $622.35 in his account. (*Id.*) This is enough to pay the $402 filing fee in this action.

On March 4, 2022, the undersigned issued an Order to Show Cause ("OSC") why the motion to proceed *in forma pauperis* should not be denied. (Doc. 12.) Plaintiff was provided 21 days within which to respond to the OSC. (*Id.*)

I.    **Plaintiff's Motion to Continue IFP Status (Doc. 13)**

On March 10, 2022, Plaintiff filed a "Motion to Continue In Forma Pauperis Status." (Doc. 13.) Petitioner claims he was assessed a $350 filing fee in case number 1:20-cv-01835

1   DAD-JLT, after the court in that matter "ruled that Petitioner should file a section 1983 petitioner

2   rather than a habeas petition." (*Id.* at 2.) Plaintiff states he filed a section 1983 action in the

3   "Northern District which subsequently determined that the Eastern District did have proper

4   jurisdiction and transferred the case back to the Eastern District." (*Id.*) Plaintiff further states that:

5   "Given that this Honorable Court already has determined that Petitioner is indigent and granted In

6   Forma Pauperis status in this matter and Petitioner's financial status has not changed, that the

7   court continue his status and not assess any new PLRA fees in this matter as it already has." (*Id.*)

8   Plaintiff appended a copy of then Magistrate Judge Jennifer L. Thurston's January 4, 2021, order

9   in Dilbert v. Fisher, 1:20-cv-01835-JLT as an exhibit to his motion. (*Id.* at 5.)

10        The Court first notes that despite Plaintiff's assertion at page 2, it has *not* granted IFP

11  status in this matter.  Accordingly, since IFP status has not been granted in *this action*, there is no

12  IFP status to "continue." The fact IFP status has been granted in *another* matter, namely, *Dilbert*

13  *v. Fisher*, 1:20-cv-01835, does not mean IFP status will be or should be granted in *this* matter.

14        Proceeding "in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114,

15  116 (9th Cir. 1965). Whether Plaintiff is entitled to the privilege is a determination made in each

16  action filed, on a case-by-case basis. Simply because Plaintiff was granted IFP status in January

17  2021 in one matter does not entitle him to IFP status in March of 2022 in yet another matter. As

18  previously noted in the OSC, according to Plaintiff's inmate trust account Inmate Statement

19  Report dated March 1, 2022, Plaintiff has adequate funds to pay the filing fee for this action (Doc.

20  11), as his available balance on that date was $622.35. (*Id.*) For the reasons stated above,

21  Plaintiff's motion will be denied.

22  **II.      Motion to Transfer Credit/Filing Fee (Doc. 16)**

23        On March 10, 2022, Plaintiff also filed a "Motion to Transfer Credit/Filing Fee; PLRA

24  from Eastern District to Northern District." (Doc. 16.) In a separately filed document on that same

25  date – which will be construed to be the substantive pleading meant to accompany the motion –

26  Plaintiff contends the "Eastern District, in error, levied a $350 In Forma Pauperis PLRA filing fee

27  associated with a Section 1983 filing ... rather than the actual $5 filing fee for a habeas corpus

28  petition." (Doc. 15 at 2.) Plaintiff reports he sought a refund of the fee from the Eastern District or

a credit to his "account towards the Northern District." (*Id.* at 2.) He states the "Eastern District refused to hear Petitioner's Motion as it deemed the case closed regardless of any error." (*Id.* at 2.) Plaintiff asks this Court to "transfer the credit incurred within the Eastern District filing towards the Section 1983 filing now before this court and not levee a new PLRA filing fee in the amount of $350." (*Id.* at 3.) Plaintiff attaches a copy of Magistrate Judge Thurston's November 1, 2021, Order Disregarding Miscellaneous Motion in *Dilbert v. Fisher*, 1:20-cv-01835 DAD-JLT (HC). (*Id.* at 5.)

A review of the docket in *Dilbert v. Fisher*, 1:20-cv-01835, reveals Plaintiff filed a habeas corpus petition in that matter on December 30, 2020. (1:20-cv-01835 Docket No. 1.) IFP status was authorized January 5, 2021. (1:20-cv-01835 Docket No. 6.) On January 11, 2011, then Magistrate Judge Thurston issued Findings and Recommendations to summarily dismiss the habeas corpus petition, for a failure to exhaust state judicial remedies and for a failure to state a cognizable ground for relief. (1:20-cv-01835 Docket No. 8.) Despite Plaintiff's objections filed January 21, 2021 (1:20-cv-01835 Docket No. 11), District Judge Dale A. Drozd issued an Order Adopting the recommendations in full, dismissing the petition for writ of habeas corpus and directing the Clerk of the Clerk to close the case. (1:20-cv-01835 Docket No. 13.) Judgment was entered that same date. (1:20-cv-01835 Docket No. 14.)

Plaintiff then filed a document entitled "Objections to Findings and Recommendations, in Dismissing Petition for Writ of Habeas Corpus/Motion for Reconsideration En Banc:FRAP 35." (1:20-cv-01835 Docket No. 15.) On July 22, 2021, Judge Drozd denied the motion for reconsideration. (1:20-cv-01835 Docket No. 16.) Although the action was dismissed and judgment was entered in April 2021, Plaintiff continued to file motions in that case. (1:20-cv-01835 Docket Nos. 17, 19.) The last entry on the docket is dated November 1, 2021, which is an order disregarding the last motion and advises Plaintiff that no further filings would be accepted in that matter. (1:20-cv-01835 Docket No. 20.)

Plaintiff's motion to transfer and/or credit any filing fee from *Dilbert v. Fisher*, case number 1:20-cv-01835, will be denied. First, a further inquiry concerning *Dilbert v. Fisher*, case number 1:20-cv-01835, reveals Plaintiff has *not* paid a $350 filing fee in that action. The

undersigned has been advised by a financial specialist employed by this Court that the Court has received no monies in the matter, and even had monies been paid, the filing fee in a habeas corpus action is $5. That information is further confirmed by a careful review of the relevant docket entries.

While an order issued January 4, 2021, directed a $350 filing fee be paid, the docket also reflects the order was to be disregarded (*see* 1:20-cv-01835 Docket No. 4 ["***DISREGARD***"]) and a subsequent entry titled Clerk's Notice of Docket Correction reads "re 4 Order on Motion to Proceed in forma pauperis. Please disregard docket entry as it was docketed in error. (Maldonado, C) (Entered: 01/05/2021)." Simply put, Plaintiff has no credit and there are no monies to transfer were the Court to entertain such a request. Even had Plaintiff paid a filing fee in the earlier habeas corpus action, there is no reason to transfer or credit an earlier filing fee to a later case wherein a filing fee is due. Plaintiff filed *two* separate actions and is required to pay *two* separate filing fees.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Continue In Forma Pauperis Status (Doc. 13) is DENIED;

2. Plaintiff's Motion to Transfer Credit/Filing Fee (Doc. 16) is DENIED.

IT IS SO ORDERED.

Dated:   **March 15, 2022**                    */s/ Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE