UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALAN DILBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. FISHER,<br><br>　　　　　Defendant. | Case No.: 1:22-cv-00247-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*<br><br>(Doc. 2) |

Plaintiff Clifford Alan Dilbert has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2.) According to the certified account statement submitted by the California Department of Corrections and Rehabilitation, Plaintiff had $1,128.62 in his inmate trust account as of September 1, 2021. (Doc. 11.) As of March 1, 2022, Plaintiff had $622.35 in his account. (*Id*.)

**I.　　INTRODUCTION**

On March 4, 2022, the undersigned issued an Order to Show Cause ("OSC") why the motion to proceed *in forma pauperis* should not be denied. (Doc. 12.)

On March 10, 2022, Plaintiff filed a "Motion to Continue In Forma Pauperis Status" (Doc. 13) and a "Motion to Transfer Credit/Filing Fee; PLRA from Eastern District to Northern District" (Doc. 16). Both motions were denied on March 15, 2022. (Doc. 17.)

//

On March 16, 2022, Plaintiff filed a response to the OSC. (Doc. 18.) Plaintiff continues to contend he paid a $350 filing fee in another matter filed with this Court, case number 1:20-cv-01835-DAD-JLT, and that the filing fee paid in that now-closed action should be transferred and credited in this action, or, alternatively, refunded to Plaintiff. (*Id*. at 1-8) As explained in the Court's March 15, 2022, Order, Plaintiff did not pay a filing fee in the other action. (Doc. 17 at 1-4.) Nor is Plaintiff entitled to any credit or refund. (*Id*.)

## II.  DISCUSSION

Proceeding "in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed *in forma pauperis*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar,'" *Doe v. Educ. Enrichment Sys.*, No. 15-cv-2628-MMA-MDD, 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. 2015) (citation omitted). In addition, courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.")

Plaintiff has adequate funds to pay the filing fee for this action as demonstrated by the certified account statement submitted by the California Department of Corrections and Rehabilitation on March 1, 2022. (*See* Doc. 11.) He is not entitled to any transfer or credit of a filing fee paid in another action filed with this Court even had he paid such filing fee. (*See* Doc. 17.) Additionally, Plaintiff has not demonstrated that he spent the funds on "necessities" while incarcerated, i.e., while his basic necessities were covered by the State of California. *See Lumbert*, 827 F.2d at 260. Therefore, IFP status is not warranted.

//

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 22, 2022**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE

3