UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALAN DILBERT,<br><br>         Plaintiff,<br><br>    v.<br><br>R. FISHER,<br><br>         Defendant. | Case No.: 1:22-cv-00247-DAD SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Doc. 24) |

Plaintiff Clifford Alan Dilbert is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On July 13, 2022, Plaintiff filed a document titled "Motion to the Court to take Judicial Notice in the above listed case." (Doc. 24.) Given the substance of the motion, the Court construes Plaintiff's filing to be a motion for temporary restraining order and addresses the motion accordingly.

In his motion, Plaintiff seeks immediate release from Valley State Prison, contending the response of the California Department of Corrections and Rehabilitation (CDCR) to the COVID-19 pandemic violates his Eighth Amendment right to be free from cruel and unusual punishment and from deliberate indifference. (Doc. 24 at 2.) He contends there is an ongoing failure by CDCR to protect inmates such as himself from the devastating effects of COVID-19, specifically

pointing to unvaccinated staff, inadequate steps to mitigate the spread of the virus, transfer policies, faulty rapid testing procedures and quarantine policies. (*Id*. at 2-4.) Plaintiff contends that he contracted COVID in 2020 and has long COVID symptoms "from both the infection and the side effects of the second Moderna vaccine," which "may prove fatal" for him. (*Id*. at 3.) Plaintiff contends "the only reasonable and compassionate decision" would be for this Court to release Plaintiff. (*Id*. at 3, 4.)

## II.  DISCUSSION

### A.  Legal Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491-93 (2009)*; Mayfield v.*

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

*United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

**B. Analysis**

As an initial matter, the court notes that Plaintiff cannot obtain a temporary restraining order compelling his release from incarceration.

Plaintiff brings this action under 42 U.S.C. § 1983. Section 1983 provides a remedy for the violation of constitutional rights by any person acting under color of state law. 42 U.S.C. § 1983; *see, e.g.*, *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983 is not a vehicle for challenging the validity of confinement. *See, e.g.*, *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). Complaints for relief turning on the circumstances of a prisoner's confinement may be brought in a § 1983 action. *See Skinner*, 562 U.S. at 533--34; *Nettles*, 830 F.3d at 927.

The exclusive remedy for a prisoner seeking immediate or speedier release from confinement, however, is a writ of habeas corpus. *See Skinner*, 562 U.S. at 533-34; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Because a habeas petition is the exclusive method by which a prisoner may seek release from custody, a temporary restraining order or injunction ordering a prisoner's

1  release in a civil rights action is inappropriate. *See, e.g.*, *Bryant v. Kibler*, No. 2:21-CV-0060-
2  TLN-DMC-P, 2021 WL 1423796, at *2 (E.D. Cal. Apr. 15, 2021). If Plaintiff wishes to challenge
3  the fact or duration of his confinement, he may file a petition for a writ of habeas corpus.

4  Moreover, no defendant in this action has been served with process. Plaintiff's complaint
5  names "CDCR" and "Warden R. Fisher" as defendants. (Doc. 1 at 1, 2.)  Plaintiff's complaint has
6  not yet been screened pursuant to 28 U.S.C. § 1915A(a) and will be screened in due course.
7  Service of process will only occur following screening and a finding that Plaintiff has stated one
8  or more cognizable claims. Unless and until the defendants have been served with process, this
9  Court lacks personal jurisdiction over any defendant, and may not grant the injunctive relief
10 Plaintiff requests. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros., Inc. v. Michetti Pipe Stringing,*
11 *Inc.*, 526 U.S. 344, 350 (1999).

12 Additionally, Plaintiff cannot meet all four *Winter* factors required for an injunction.
13 *Winter*, 555 U.S. at 20. Even liberally construing Plaintiff's motion as demonstrating Plaintiff is
14 likely to suffer irreparable harm in the absence of preliminary relief, Plaintiff cannot establish he
15 is likely to succeed on the merits—a requirement that must be met to obtain injunctive relief.
16 *Winter*, 555 U.S. at 20. As noted above, Plaintiff's complaint has not yet been screened. It is
17 therefore unclear whether Plaintiff has stated cognizable claims entitling him to relief in these
18 proceedings. Without such a finding, the court cannot determine the likelihood of success on the
19 merits.

20 Regarding the requirement that Plaintiff make a showing that the balance of equities tips
21 in his favor, *Winter*, 555 U.S. at 20, the court notes that CDCR has an important interest in
22 reducing the spread of COVID-19—particularly in the prison context where inmates are celled in
23 close proximity to one another. *See, e.g.*, *Sanford v. Easton*, No. 1:20-cv-0792 BAM PC, 2021
24 WL 1172911, at *7 (E.D. Cal. Mar. 20, 2021) ("'by their very nature, prisons are confined spaces
25 unsuited for social distancing'" [quoting *Evdokimow v. Doll*, No. 4:21-CV-00261, 2021 WL
26 767554, at *6 (M.D. Pa. Feb. 26, 2021)]). At a minimum, Plaintiff cannot make the required
27 showing that the balance of equities weigh in his favor at this time.
28 //

Because Plaintiff cannot meet two of the four *Winter* factors required for an injunction, the court need not address the final factor: whether such an injunction is in the public interest. *Winter*, 550 U.S. at 20. In sum, Plaintiff is not entitled to the injunctive relief he seeks.

### III.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Plaintiff's motion for temporary restraining order (Doc. 24) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 1, 2022**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE