UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALAN DILBERT,<br><br>Plaintiff,<br><br>v.<br><br>R. FISHER,<br><br>Defendant. | No. 1:22-cv-00247-ADA-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING CONSTRUED MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 25) |

Plaintiff Clifford Alan Dilbert is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 2, 2022, the Magistrate Judge issued findings and recommendations, recommending that the Court deny Plaintiff's motion for a temporary restraining order. (ECF No. 25.) Specifically, the Magistrate Judge noted that Plaintiff cannot obtain an injunction compelling his release from incarceration. (*Id.* at 3.) After receiving an extension of time, Plaintiff filed objections on September 27, 2022. (ECF No. 29.) Apparently acknowledging that a civil rights complaint is an improper vehicle by which to obtain release from incarceration, Plaintiff requests in his objections that the Court convert his complaint into a petition for habeas corpus. (*Id.* at 7.) He goes on to note that he has previously filed an unsuccessful habeas petition in the Eastern District, and he asks that the Court re-open that petition. (*Id.* at 7–9.) Immediately

after making these assertions, Plaintiff challenges the Magistrate Judge's conclusion that he has failed to allege facts that support the issuance of an injunction mandating his release from custody. (*Id.* at 10–11.)

When a prisoner's § 1983 complaint "evince[s] a clear intention to state a habeas claim," courts should treat it as such. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). In the absence of a clear intent to bring a habeas petition, however, courts should refrain from converting a defective § 1983 claim. *Id.* While Plaintiff uses the words "habeas corpus" in his objections, the content of his request addresses the conditions of his confinement, not the constitutionality of the fact or duration of his confinement. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). It appears that Plaintiff's request is actually one for compassionate release from his state court sentence. This Court, however, is not in a position to pass on the propriety of such a request. *See Tucker v. Dep't of Corr.*, No. 2:13-cv-0293 GGH P, 2013 WL 1091282, at *1 (E.D. Cal. Mar. 15, 2013) ("A plea for compassionate release is not one which federal courts, sitting in habeas, or any other situation, are entitled to act upon."). Converting Plaintiff's complaint into a habeas corpus petition would, therefore, be inappropriate under the circumstances. Additionally, Plaintiff provides no reason for the Court to disagree with the Magistrate Judge's conclusions regarding his motion for a temporary restraining order.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully considered the entire file, including Plaintiff's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on August 2, 2022, (ECF No. 25), are adopted in full;

2. Plaintiff's construed motion for a temporary restraining order, (ECF No. 24), is denied;

///

///

3. Plaintiff's motion to convert his complaint into a petition for writ of habeas corpus, (*see* ECF No. 29), is denied;

4. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   October 25, 2023

_____
UNITED STATES DISTRICT JUDGE