UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALAN DILBERT,<br><br>Plaintiff,<br><br>v.<br><br>R. FISHER,<br><br>Defendant. | No. 1:22-cv-00247-ADA-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 20) |

Plaintiff Clifford Alan Dilbert is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 22, 2022, the Magistrate Judge issued findings and recommendations, recommending that the Court deny Plaintiff's motion for leave to proceed in forma pauperis because Plaintiff had sufficient funds in his inmate trust account. (ECF No. 20.) After receiving an extension of time, Plaintiff filed objections on May 17, 2022. (ECF No. 23.) In his objections, Plaintiff discusses a prior habeas corpus petition he filed in the Eastern District and contends that the District Judge in that matter improperly dismissed the petition. (*Id.* at 1.) He also asks the Court to determine his eligibility for in forma pauperis status with reference to an inmate trust statement report that he attached to his objections. (*Id.* at 2.) That statement details transactions on Plaintiff's inmate trust account between April 1, 2022 and May 1, 2022 and shows that, as of

1  May 1, 2022, Plaintiff had $502.52 in his account. (*Id.* at 12, Ex. B.) He further contends that
2  debits to pay for two other civil rights cases take 40% of his income. (*Id.*) Finally, he states that
3  the California Department of Corrections does not provide adequate hygiene or medical supplies,
4  and that he must, therefore, spend his own money on such supplies, which has further depleted his
5  financial resources. (*Id.* at 3.)
6        Plaintiff's contentions are unpersuasive. First, the Prison Litigation Reform Act requires
7  courts to assess the propriety of in forma pauperis status based on a litigant's financial resources
8  at the time of filing, not at any later date. *See* 28 U.S.C. § 1915(a)(2) (requiring prisoners to
9  provide trust account statements "for the 6-month period immediately preceding the filing of the
10 complaint"). Plaintiff filed his complaint on February 22, 2022. (ECF No. 1.) At that time, he
11 had $631.55 in his account. (ECF No. 11.) While he claims that he has had to spend his funds on
12 necessities that CDCR failed to provide, he does not provide any details about the exact nature of
13 those necessities. The Magistrate Judge, therefore, correctly determined that Plaintiff had
14 sufficient funds in his inmate trust account to pay the filing fee in full in this action.
15       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
16 de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's
17 objections, the Court concludes that the findings and recommendations are supported by the
18 record and proper analysis.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly,

1. The findings and recommendations issued on March 22, 2022, (ECF No. 20), are adopted in full;
2. Plaintiff's motion to proceed in forma pauperis, (ECF No. 2), is denied;
3. Within thirty (30) days of the date of service of this order, Plaintiff shall pay the $402.00 filing fee in full; and
4. Failure to pay the filing fee within the time provided will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   October 25, 2023

UNITED STATES DISTRICT JUDGE

3