# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALAN DILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>R. FISHER,<br><br>    Defendant. | No.: 1:22-cv-00247-NODJ-SKO<br><br>ORDER DENYING MOTION TO VACATE JUDGMENT AND TO CONVERT THIS ACTION TO HABEAS CORPUS PETITION<br><br>(Doc. 32)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEE |

Plaintiff Clifford Alan Dilbert is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    PROCEDURAL HISTORY**

Plaintiff initiated this action with the filing of his complaint and an application to proceed in forma pauperis in the United States District Court for the Northern District of California on February 22, 2022. (ECF Nos. 1, 2.) The action was transferred to this Court on February 28, 2022. (ECF Nos. 7, 8.)

On March 4, 2022, the Court issued its Order to Show Cause ("OSC") Why Motion to Proceed In Forma Pauperis Should Not Be Denied. (ECF No. 12.)

On March 10, 2022, Plaintiff filed a "Motion to Continue In Forma Pauperis Status" (ECF No. 13), a document docketed as a "Notice Regarding In Forma Pauperis Application" (ECF

15), and a "Motion to Transfer Credit/Filing Fee; PLRA from Eastern District to Northern District" (ECF No. 16).  The Court issued its Order Denying Motion To Continue In Forma Pauperis Status and Order Denying Motion To Transfer Credit/Filing Fee on March 15, 2022.  (ECF No. 17.)

On March 16, 2022, Plaintiff filed his response to the OSC.  (ECF No. 18.)

On March 22, 2022, the assigned magistrate judge issued Findings and Recommendations, recommending Plaintiff's motion for leave to proceed *in forma pauperis* be denied.  (ECF No. 20.)  Plaintiff filed timely objections on May 17, 2022.  (ECF No. 23.)

Thereafter, on July 13, 2022, Plaintiff filed a document titled "Motion to the Court to take Judicial Notice in the above listed case."  (ECF No. 24.)

On August 2, 2022, after construing Plaintiff's July 13, 2022 motion as a motion to seek a temporary restraining order, the magistrate judge issued Findings and Recommendations, recommending Plaintiff's motion for a temporary restraining order be denied.  (ECF No. 25.)  Plaintiff filed timely objections on September 27, 2022.  (ECF No. 29.)

On October 25, 2023, then assigned District Judge Ana de Alba issued an Order Adopting Findings and Recommendations and Denying Construed Motion for Temporary Restraining Order (ECF No. 30) and Order Adopting Findings and Recommendations and Denying Leave to Proceed In Forma Pauperis (ECF No. 31).  As to the latter, Plaintiff was ordered to pay the $402 filing fee within 30 days of the date of service of the order.  (*Id*. at 3.)  Plaintiff was advised that a failure to pay the filing fee would result in dismissal of this action.  (*Id*.)  As of this date, Plaintiff has not paid the required filing fee and more than 30 days have passed following the order directing him to do so.

On November 14, 2023, Plaintiff filed a document titled "Motion to Vacate Judgment: Order Adopting Findings and Recommendations and Denying Leave to Proceed In Forma Pauperis (ECF No. 20): Under FRCP Rule 60(a) … Second Motion to Convert 42 U.S.C. Section 1983 Complaint to Habeas Corpus Petition."  (ECF No. 32.)  This filing is pending before the court and is resolved by this order as explained below.

/////

2

## II. OTHER ACTIONS FILED IN THIS COURT

The Court briefly recounts the other actions filed by Plaintiff in this district:

<u>20-cv-00655-JLT-HBK, *Dilbert v. CDCR, et al.*</u>

On May 11, 2020, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. section 1983 in this district. (*See Dilbert v. CDCR, et al.*, No. 1:20-cv-00655-JLT-HBK ("20-665"), ECF No. 1.) Plaintiff was granted leave to proceed *in forma pauperis* in this action. (20-655, ECF No. 5.) The Court denied Plaintiff's motion for a temporary restraining order (20-655, ECF Nos. 12, 16) and reconsideration was denied on October 27, 2021 (20-655, ECF No. 18). Following screening (20-655, ECF Nos. 22 & 26), the action was dismissed on September 29, 2023, in relevant part, for Plaintiff's failure to state a claim. (20-655, ECF No. 30.) Thereafter, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals and the action remains pending in the appellate court. (20-655, ECF Nos. 33-35.)

<u>20-cv-01835-DAD-JLT, *Dilbert v. Fisher*</u>

On December 30, 2020, Plaintiff filed suit employing a petition for writ of habeas corpus form in this district. (*Dilbert v. Fisher*, 20-cv-01835-DAD-JLT ("20-1835"), ECF No 1.) At page five of the filing, under Ground One, Plaintiff wrote "The conditions under which I am being held violate the 8th Amendment prohibition against cruel and unusual punishment due to Covid-19 and my High Risk Medical designation." (*Id*. at 5.) On the following page, Plaintiff wrote "This habeas does not stem from Petitioner's prior conviction. This petition stems from the Covid-19 pandemic and CDCR's failure to protect Petitioner" and "This is a new petition not stemming from a conviction." (*Id*. at 6; *see also id.* at 13 ["Petitioner is Pro Se in this Habeas action. This is a new petition which has yet to be heard in Federal Court"].) In Ground Three,[1]

/////
/////
/////
/////
/////

---

[1] Ground Two is not included or asserted.

3

Plaintiff wrote "Violation of State of California Title 15, Sections 3004(c), 3084(c), PC 368."[2] (*Id*. at 9.)

On January 11, 2021, the assigned magistrate judge issued Findings and Recommendations to dismiss the petition. (20-1835, ECF No. 8.) In part, the magistrate judge found "[t]o the extent petitioner is seeking compassionate release pursuant to 18 U.S.C. § 3582 due to the risk posed to him by the COVID-19 pandemic, his request is before the wrong court, because '[o]nly the original sentencing court can entertain such requests.'" (*Id*. at 3.) The magistrate judge further stated: "Although petitioner's request appears to argue the current prison conditions expose him to a higher risk of harm due to his various medical conditions and COVID-19, petitioner's request relates to the conditions of petitioner's confinement and is more appropriately brought pursuant to 42 U.S.C. § 1983." (*Id*.) Ultimately, the magistrate judge recommended the "habeas corpus petition be SUMMARILY DISMISSED without prejudice." (*Id*. at 4.)

On April 30, 2021, the Court issued its Order Adopting Findings and Recommendations, Dismissing Petition for Writ of Habeas Corpus, Directing Clerk of Court to Assign District Judge and Close Case, and Declining to Issue Certificate of Appealability. (20-1835, ECF No. 13.) Judgment was entered that same date. (20-1835, ECF No. 14.) Reconsideration was denied on July 23, 2021. (20-1835, ECF No. 16.) On November 1, 2021, the Court issued its Order Disregarding Miscellaneous Motion, advising Plaintiff the action was closed and that no further filings would be accepted. (20-1835, ECF No. 20.)

/////

/////

/////

/////

---

[2] Title 15 of the California Code of Regulations section 3004(c) states: "Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap." Section 3084(c) provides a "material adverse effect" is "a harm or injury that is measurable or demonstrable, or the reasonable likelihood of such harm or injury. In either case, the harm or injury must be due to any policy, decision, action, condition, or omission by the department or its staff." Cal. Code Regs. tit. 15, § 3084(c) (2011). California Penal Code section 368 concerns crimes against elder or dependent adults.

### III. DISCUSSION

**A. Plaintiff's Motion to Vacate/Convert Complaint to Habeas Corpus Petition**

Plaintiff moves to vacate the "Order Adopting Findings and Recommendations and Denying Leave to Proceed In Forma Pauperis (ECF No. 20)" pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. (ECF No. 32.)[3]

Rule 60 of the Federal Rules of Civil Procedure provides:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions**. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a). Plaintiff contends this Court should correct a "clerical Court error" in the October 25, 2023 order, asserting "As stated by both the Northern and Eastern District Courts in this matter, the correct filing format for this action is indeed a Habeas Corpus petition." (ECF No. 32 at 4.)

The Court has not committed a clerical error. This action was originally filed in the United States District Court for the Northern District of California as a civil rights action arising under 42 U.S.C. section 1983. Plaintiff's original complaint is titled "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (*See* ECF No. 1.) The complaint alleges the "conditions under which" Plaintiff was "being held by CDCR during the Covid-19 Pandemic violate" Plaintiff's Sixth, Eighth and Fourteenth Amendment rights. (*Id*. at 3.) A review of the complaint reveals Plaintiff sought compassionate release as a remedy (*id*. at 29) and appeared to believe his civil rights complaint was a vehicle to obtain such a release (*see, e.g.*, *id*. at 14-29).

/////

---

[3] The Order Adopting Findings and Recommendations and Denying Leave to Proceed In Forma Pauperis issued October 25, 2023 is docket entry number 31 whereas "(ECF No. 20)," as referenced by Plaintiff, is the Findings and Recommendations to Deny Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* that was issued March 22, 2022 (*see* ECF No. 20). Thus, the Court's focus is on the October 25, 2023 Order adopting the earlier findings.

5

Following transfer from the Northern District to this district, the assigned magistrate judge issued Findings and Recommendations recommending denial of Plaintiff's *in forma pauperis* application, finding Plaintiff had sufficient funds to pay the required filing fee at the time he filed his complaint.  (ECF No. 20.)  The magistrate judge further found Plaintiff was "not entitled to any transfer or credit of a filing fee paid in another action filed with this Court even had he paid such filing fee." (*Id*. at 2.)

On October 25, 2023, this Court issued its order adopting the magistrate judge's findings in full.  (ECF No. 31.)  Finding Plaintiff's objections unpersuasive, Judge de Alba ordered Plaintiff's motion to proceed in forma pauperis be denied and that he pay the required $402 filing fee within 30 days of the date of service of the order.  (*Id*. at 1-3.)

In the Order Adopting Findings and Recommendations and Denying Construed Motion for Temporary Restraining Order, also issued October 25, 2023, Judge de Alba noted Plaintiff's objections to the magistrate judge's findings included his apparent acknowledgment "that a civil rights complaint is an improper vehicle by which to obtain release from incarceration," as well as his request "that the Court convert his complaint into a petition for writ of habeas corpus," and his request that his previously filed habeas corpus action be reopened.  (ECF No. 30 at 1.)  She explained, this Court "is not in a position to pass on the propriety" of Plaintiff's request to convert his complaint into a petition for writ of habeas corpus because while "Plaintiff uses the words 'habeas corpus' …, the content of his request addresses the conditions of his confinement, not the constitutionality of the fact or duration of his confinement" and "[c]onverting Plaintiff's complaint into a habeas corpus petition would, therefore, be inappropriate under the circumstances." (ECF No. 30 at 2.)

To the extent Plaintiff contends the Court erred as to his "IFP status as he is truly indigent as shown by his most recent and enclosed Trust Statement by CDCR" (ECF No. 32 at 4), as Judge de Alba previously explained, "the Prison Litigation Reform Act requires courts to assess the propriety of in forma pauperis status based on a litigant's financial resources *at the time of filing*, not at a later date." (*See* ECF No. 31 at 2, italics added.)  The Court has not erred in

/////

assessing Plaintiff's ability to pay the required filing fee for this action at or near the time of filing. Plaintiff's current inability to pay the required filing fee is not determinative.

In sum, the Court committed neither a clerical mistake nor a mistake arising from an oversight or omission. Therefore, Plaintiff's motions filed November 14, 2023 will be denied.

### B. Plaintiff's Failure to Pay the Required Filing Fee

To date, Plaintiff's has failed to pay the required filing fee despite being ordered to do so. Specifically, the October 25, 2023 order provides: "Within thirty (30) days of the date of service of this order, Plaintiff shall pay the $402 filing fee in full." (ECF No. 31 at 3.) More than 30 days have passed, and no extensions of time have been requested or granted. Nor does Plaintiff's filing of November 14, 2023 serve to extend the imposed payment deadline or otherwise excuse his non-compliance with the Court's order. Further, Plaintiff was expressly warned that a "[f]ailure to pay the filing fee within the time provided will result in dismissal of this action." (*See* ECF No. 31 at 3.) Hence, this action will be dismissed for Plaintiff's failure to pay the $402 filing fee as ordered. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992; *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986); *see also Maldonado-Ramirez v. Case Records Director*, No. 1:23-cv-00212-ADA-SKO (PC), 2023 WL 4565045, at *1 (E.D. Cal. July 17, 2023) (dismissing action without prejudice for plaintiff's failure to pay filing fee as ordered); *Ubina v. Onyeje*, No. 1:21-cv-01623-JLT-SKO (PC), 2022 WL 1460370, at *1 (E.D. Cal. May 9, 2022) (same).

### IV. CONCLUSION AND ORDER

Accordingly, for the reasons given above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to vacate order and motion to convert complaint to habeas corpus petition (ECF No. 32) are DENIED;
2. This action is DISMISSED for Plaintiff's failure to pay the required filing fee; and
3. The Clerk of the Court is directed to close this case.

DATED: January 2, 2024.

CHIEF UNITED STATES DISTRICT JUDGE